IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

**INARA CEDRINS**,

    Plaintiff,

v.                                            No. Civ. 09-645 JCH/GBW

**RAMESH KUMAR SHRESTHA**,

    Defendant.

## MEMORANDUM OPINION AND ORDER DISMISSING CASE

**THIS MATTER** comes before the Court on Plaintiff Inara Cedrins' Motion to Proceed In Forma Pauperis ("IFP"), filed July 2, 2009 (Doc. 2), and on the Court's concomitant obligation "to review the affidavit and screen her case under 28 U.S.C. §§ 1915(a) and (e)." *Lister v. Dep't of the Treasury*, 408 F.3d 1309, 1311 (10th Cir. 2005). "[I]n order to succeed on a motion to proceed IFP, the movant must show a financial inability to pay the required filing fees, as well as the existence of a reasoned, nonfrivolous argument on the law and facts in support of the issues raised in the action." *Lister*, 408 F.3d at 1312. A complaint may be dismissed *sua sponte* as frivolous under § 1915(e)(2) if it "lacks even an arguable basis in law," as when it is premised on a nonexistent legal interest or "delusional factual scenario" – situations in which the claims are "so defective that they should never have been brought at the outset." *Neitzke v. Williams*, 490 U.S. 319, 327-28 (1989).

This is the second federal case in which Inara Cedrins has sued her husband, Defendant Ramesh Kumar Shrestha, seeking this Court's interference in the parties' annulment/divorce and community-property settlement proceedings that are pending in state court. In case number Civ. 09-348 LH/GBW, the Court denied Cedrins' application to proceed IFP and dismissed her Complaint for want of subject-matter jurisdiction because Cedrins lacked standing to raise the federal issues

she alleged and because this Court cannot interfere with pending state-court proceedings. *See Cedrins v. Shrestha*, No. 09cv348 LH/GBW, Doc. 17, filed June 29, 2008. The Court carefully explained to Cedrins its reasoning:

> Insofar as Cedrins requests injunctive relief to stay or interfere with proceedings that are already ongoing in state court, the Court may not grant her request.
>
> > *Younger* abstention dictates that federal courts not interfere with state court proceedings by granting equitable relief-such as injunctions of important state proceedings or declaratory judgments regarding constitutional issues in those proceedings-when such relief could adequately be sought before the state court. A federal court must abstain from exercising jurisdiction when: (1) there is an ongoing state criminal, civil, or administrative proceeding, (2) the state court provides an adequate forum to hear the claims raised in the federal complaint, and (3) the state proceedings involve important state interests, matters which traditionally look to state law for their resolution or implicate separately articulated state policies. *Younger* abstention is non-discretionary; it must be invoked once the three conditions are met, absent extraordinary circumstances.
>
> *Amanatullah v. Colo. Bd. of Med. Exam'rs*, 187 F.3d 1160, 1163 (10th Cir. 1999) (internal quotation marks and citations omitted). Here, Cedrins has ongoing civil state-court proceedings against both Shrestha and Prewitt. Cedrins has not stated any cognizable federal claims, so the state court provides a totally adequate forum for her state-law claims against the Defendants; and the state-court proceeding against Shrestha, which Cedrins seeks to stay, involves exclusively state interests regarding the marriage relationship, alimony, and community property. *See In re Burrus*, 136 U.S. 586, 593-594 (1890) ("The whole subject of the domestic relations of husband and wife, parent and child, belongs to the laws of the States and not to the laws of the United States"). The Court must abstain from exercising any jurisdiction to interfere with the state-court proceedings.
>
> Further, the Court cannot conduct hearings and issue any rulings to order Cedrins' "marriage nullified," Complaint at 4, because no federal law authorizes federal jurisdiction over any proceedings in which a party seeks a decree of divorce or alimony. *See Barber v. Barber*, 21 How. 582, 584 (1859) ("disclaim[ing] altogether any jurisdiction in the courts of the United States upon the subject of divorce or for the allowance of alimony"); *Ankenbrandt v. Richards*, 504 U.S. 689, 701-03 (1992) ("continu[ing] to recognize" the limitation on federal jurisdiction expressed in *Barber* and explaining the authority for the domestic-relations exception even to federal diversity jurisdiction). Federal courts simply have no "power to issue divorce, alimony, and child custody decrees." *Ankenbrandt*, 504 U.S. at 703.

> Accordingly, it is the state court with jurisdiction over Cedrins' petition for annulment or divorce that must decide whether the marriage should be annulled for fraud, whether she should receive alimony or other support, and whether the car she mentions in her federal Complaint is community property and who is entitled to its possession.

*Id.* at 7-8. Cedrins filed the case at bar three days after the Court issued its opinion dismissing her Complaint, this time entitling it as an "Appeal of Case for Annulment and Request that Trial be Declared a Mistrial," but again seeking this Court's interference in the state divorce/annulment proceedings. *See* No. 09cv645, Doc. 1. Cedrins adds a laundry list of complaints about the procedures, or lack thereof, in the state-court proceedings. She also claims that her counsel was not prepared for the trial, that she did not receive adequate discovery, that her husband committed perjury and failed to provide evidence of his income, that opposing counsel failed to address issues, and that her husband has her property and will not return it to her. *See id.* at 1-2. She asks this Court to declare a "mistrial" of the state-court trial and to conduct a trial de novo in this Court. *See id.* at 6.

For the same reasons stated in the June 29, 2008 Memorandum Opinion and Order quoted above, this Court does not have subject-matter jurisdiction to interfere in the state-court proceedings or to conduct hearings and issue rulings regarding annulment/divorce or alimony or division of community property. It would be futile to allow Cedrins to amend her Complaint. This case must be dismissed under § 1915(e)(2)(B).

**IT IS ORDERED** that Cedrins' motion for leave to proceed *in forma pauperis* (Doc. 2) is DENIED because her Complaint is frivolous; and

**IT IS FURTHER ORDERED** that this case is dismissed in its entirety for lack of subject-matter jurisdiction.

**DATED this 8th day of July 2009**

_____
UNITED STATES DISTRICT JUDGE